IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-199

| | | |
|---|---|---|
| CALVIN EARL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUPERIOR COURT OF WAKE | ) | |
| COUNTY, Court Administration; R. | ) | |
| ALLEN BADDOUR, Presiding Judge; and | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., regarding plaintiff's motion to proceed in forma pauperis and frivolity review of plaintiff's complaint. The magistrate judge recommends that this court allow plaintiff to proceed in forma pauperis but dismiss plaintiff's claims as frivolous in that plaintiff's claims are barred by judicial immunity and sovereign immunity. Plaintiff filed timely objection to the M&R, and this matter is ripe for ruling.

Plaintiff alleges his due process rights under the United States Constitution were violated when Wake County Superior Court Judge R. Allen Baddour erroneously dismissed plaintiff's case against the North Carolina Department of Revenue and failed to rule on plaintiff's motion for reconsideration filed December 19, 2017, effectively denying plaintiff his right to appeal the dismissal. Plaintiff also alleges he filed a notice of appeal with the Clerk of the Superior Court of Wake County on October 15, 2018, but received no response.

The court is required to dismiss an in forma pauperis action that is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court construes a pro se pleading liberally in engaging in a frivolity determination, but must not accept a pleading that fails to allege with specificity facts that support the plaintiff's claim. See White v. White, 886 F.2d 721, 724 (4th Cir.1989).

Here, the court agrees with the magistrate judge that plaintiff's claims against Judge Baddour are barred by judicial immunity. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"); Fullard v. Horne, No. 5:17-CT-3159-FL, 2018 WL 3302732, at *3 (E.D.N.C. July 5, 2018) ("Judges are subject to civil liability for judicial acts only where they act in 'clear absence of all jurisdiction.'"). Additionally, claims against the clerk of court and the state of North Carolina are barred by sovereign immunity. See, e.g., Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) ("[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court"); Dillon v. Mills, No. 4:16-CV-3-FL, 2016 WL 3102015, at *2 (E.D.N.C. June 2, 2016) (dismissing claims against the North Carolina Judicial System because state agencies are immune from suits by private citizens in federal court absent waiver of immunity by the state).

Although plaintiff argues immunity has been waived by Congress, cases cited by plaintiff are inapposite. See O'Conner, v. Donaldson, 422 U.S. 563, 576 (1975) ("a State cannot constitutionally confine without more a nondangerous individual who is capable of surviving safely in freedom by himself or with the help of willing and responsible family members or friends");

United States v. Georgia, 546 U.S. 151, 158-59 (2006) (holding Title II of the Americans With Disabilities Act (ADA) validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976) (holding the Eleventh Amendment and the principle of state sovereignty which it embodies are necessarily limited by the enforcement provisions of the Fourteenth Amendment and that, accordingly, back pay and attorney fee awards under the Civil Rights Act, whereby Congress exercised its powers under such enforcement provision, were not precluded by the Eleventh Amendment). That there are examples where Congress has abrogated states' Eleventh Amendment immunity in some instances pursuant to certain statutes does not mean that such abrogation occurred here. See Bd. of Trustees of Univ. of Alabama, 531 U.S. at 363 ("We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it . . . unequivocally intends to do so . . . .").

The court additionally rejects plaintiff's argument that the State of North Carolina has waived immunity in this action by receipt of federal benefits from, for example, Medicare. See Edelman v. Jordan, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

For the foregoing reasons, the court ADOPTS the M&R of the magistrate judge. Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close the case.

SO ORDERED, this the 1st day of February, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge