IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-199

| | | |
|---|---|---|
| CALVIN EARL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERIOR COURT OF WAKE | ) | ORDER |
| COUNTY, Court Administration; R. | ) | |
| ALLEN BADDOUR, Presiding Judge; and | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's third motion for reconsideration. (DE 14). This case arises from plaintiff's allegation that his due process rights under the United States Constitution were violated when Wake County Superior Court Judge R. Allen Baddour erroneously dismissed plaintiff's case against the North Carolina Department of Revenue and failed to rule on plaintiff's motion for reconsideration filed December 19, 2017, effectively denying plaintiff his right to appeal the dismissal. (See DE 1-2 at 4). Plaintiff additionally alleges he filed a notice of appeal of his case with the Clerk of the Superior Court of Wake County on October 15, 2018, but received no response.

On February 4, 2019, the court adopted memorandum and recommendation submitted to the court by Magistrate Judge Robert. B. Jones, Jr., wherein it was recommended that plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The court held plaintiff's claims against Judge Baddour are barred by judicial immunity and claims against the clerk of court and the state of North Carolina are barred by sovereign immunity, dismissing plaintiff's case in its entirety.

On February 19, 2019, plaintiff filed first motion for reconsideration, arguing plaintiff's

claims against Judge Baddour are not barred based on the appropriate test for judicial immunity, and plaintiff's claims should be allowed to proceed against Judge Baddour in the judge's individual capacity. The court denied plaintiff's motion, holding judicial immunity is appropriate and that plaintiff is not proceeding against Judge Baddour in his individual capacity where plaintiff is attempting to sue Judge Baddour for his judicial actions. (See DE 11).

Plaintiff filed second motion for reconsideration on March 12, 2019, requesting leave of the court to withdraw his claims against Judge Baddour in his individual capacity, and "proceed instead against the Clerk of Superior Court of Wake County, which is the State of North Carolina." (DE 12 at 1). The court denied plaintiff's motion on March 14, 2019. See Hamilton v. Murray, 648 F. App'x 344, 345 (4th Cir. 2016) (citing McCray v. Maryland, 456 F.2d 1, 5 (4th Cir.1972)) ("court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction").

Plaintiff filed the instant third motion for reconsideration on March 19, 2019. In the instant motion, some of plaintiff's arguments do not address the court's previous holding that Judge Baddour, the Clerk of Superior Court of Wake County, and the State of North Carolina have immunity from plaintiff's suit, but plaintiff does argue that the clerk is liable to plaintiff in that the clerk's actions were ministerial, not judicial, and thus the clerk is not entitled to qualified immunity. (DE 14 at 3). However, plaintiff has not alleged the actions complained of were not taken in the discharge of the lawful duties of the clerk, where plaintiff has alleged that Judge Baddour effectively denied his right to appeal and that the clerk did not respond, thereafter, to plaintiff's notice of appeal. See McCray, 456 F.2d at 4 ("In Brown v. Dunne and Rhodes v. Meyer (supra note 1), cited by the District Court, the defendant was held not liable because the actions complained of were taken in the discharge of his lawful duties as court clerk–not in neglect or violation of those duties.").

For the foregoing reasons, the court DENIES plaintiff's third motion for reconsideration. (DE 14).

SO ORDERED, this the 4th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge