IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-199-FL

| | | |
|---|---|---|
| CALVIN EARL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERIOR COURT OF WAKE | ) | ORDER |
| COUNTY, Court Administration; R. | ) | |
| ALLEN BADDOUR, Presiding Judge; and | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's fourth motion for reconsideration. (DE 16). As previously recounted by the court, this case arises from plaintiff's allegation in complaint thoughtfully made, filed January 17, 2019, that his due process rights under the United States Constitution were violated when Wake County Superior Court Judge R. Allen Baddour erroneously dismissed plaintiff's case against the North Carolina Department of Revenue and failed to rule on plaintiff's motion for reconsideration filed December 19, 2017. Plaintiff complains that Judge Baddour effectively denying plaintiff his right to appeal the dismissal. (See DE 1-2 at 4). Plaintiff additionally alleges he filed a notice of appeal of his case with the Clerk of the Superior Court of Wake County on October 15, 2018, but received no response.

BACKGROUND

As noted in earlier ruling, the court is required to dismiss an in forma pauperis action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A case is

"frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court construes a pro se pleading liberally in engaging in a frivolity determination, but must not accept a pleading that fails to allege with specificity facts that support the plaintiff's claim. See White v. White, 886 F.2d 721, 724 (4th Cir.1989).

The court was compelled to agree with the magistrate judge that plaintiff's claims against Judge Baddour are barred by judicial immunity, for reasons carefully discussed in prior order. As set forth in order entered February 4, 2019, adopting the magistrate judge's recommendation as its own, plaintiff's claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2), and the clerk directed close the case. Upon motion for reconsideration, the court set out in order entered March 1, 2019, why plaintiff's complaint cannot be sustained. There being no cause to reconsider its decision, plaintiff's motion had to be and was denied.

Shortly thereafter, another motion for reconsideration followed. It was summarily denied in order entered March 14, 2019. Another motion for reconsideration followed. This motion was addressed in order entered April 4, 2019. In denying plaintiff's third motion for reconsideration, the court held in relevant part as to plaintiff's claim against the clerk that plaintiff has not alleged the actions complained of were not taken in the discharge of the lawful duties of the clerk, where plaintiff has alleged that Judge Baddour effectively denied his right to appeal and that the clerk did not respond, thereafter, to plaintiff's notice of appeal.

COURT'S DISCUSSION

Plaintiff's fourth motion for reconsideration does not present argument not previously raised to the court. The court is respectful of plaintiff and his genuine disagreement with the courts's rulings. However, the law does not support his contentions, as repeatedly explained. Plaintiff's fourth motion for reconsideration before this court must be and is denied.

CONCLUSION

The court has now considered and addressed four motions for reconsideration. It will not entertain any further such motions. If any is attempted, said motion(s) summarily shall be denied. This case is closed. While expressing no opinion as to the outcome of any such proceeding, the closing of this case does not of course foreclose plaintiff, should he wish, from making complaint against the state court presiding judge before the North Carolina Judicial Standards Commission.

SO ORDERED, this the 25th day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge